# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDA HOUSTON, | ) |
|     Plaintiff, | ) |
| vs. | ) No. CIV-08-374-D |
| INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY, OKLAHOMA, a/k/a OKLAHOMA CITY PUBLIC SCHOOLS; TIMOTHY BAILEY, in his individual and official capacity as Human Resources Support Personnel Supervisor Employee Compliance Officer for the Oklahoma City Public Schools; and DR. MICHAEL SHANAHAN, in his individual and official capacity as Senior Human Resources Officer for the Oklahoma City Public Schools, | ) |
|     Defendants. | ) |

**O R D E R**

Before the Court is the summary judgment motion filed jointly by Defendants Timothy Bailey and Dr. Michael Shanahan [Doc. No. 35]. Plaintiff responded to the motion, Defendants filed a reply, and Plaintiff filed a Court-authorized sur-reply.

Plaintiff is a former employee of Defendant Independent School District No. 89 of Oklahoma County, Oklahoma a/k/a Oklahoma City Public Schools (the "District"). Timothy Bailey ("Bailey") is the District's Human Resources Support Personnel Supervisor/Employee Compliance Officer; Dr. Michael Shanahan ("Shanahan") is the Senior Human Resources Officer for the District. Plaintiff asserts numerous federal and state law claims against the Defendants, alleging that she was subjected to unlawful race and gender-based discrimination during her employment and in connection with

her termination; she also alleges that Defendants subjected her to a hostile work environment based on race and gender, and that they retaliated against her after she exercised rights protected by federal law. Her pendent state law claims include several tort claims asserted against the District, as well as separate state law claims against Bailey and Shanahan. Plaintiff also alleges her procedural and substantive due process rights were violated.

The claims asserted against Bailey and Shanahan[1] are: 1) racial discrimination in violation of 42 U. S. C. § 1981, including alleged discriminatory treatment during her employment, a hostile work environment, unlawful retaliation, and discriminatory termination; 2) violation of her Fourteenth Amendment due process rights; 3) intentional infliction of emotional distress; and 4) tortious interference with Plaintiff's employment contract.

I. Summary judgment standards:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, a plaintiff must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

If the undisputed facts establish that a plaintiff cannot prove an essential element of a cause

---

[1] Some of Plaintiff's claims are asserted only against the District, which has separately filed a summary judgment motion. The District's motion has been addressed in a separate Order, and this Order is limited to the claims asserted against Bailey and Shanahan.

of action, the defendant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322. However, a defendant need not disprove the plaintiff's claim; it must only point to "a lack of evidence" on an essential element of that claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998). The burden then shifts to the plaintiff to go beyond the pleadings and present facts, admissible in evidence, from which a rational trier of fact could find for her; conclusory arguments are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits incorporated therein. *Id.,* at 671-72. It is not the Court's responsibility to attempt to find evidence which could support a plaintiff's position. *Adler,* 144 F. 3d at 672.

II. Evidence in the record:

In support of their Motion, Bailey and Shanahan adopt and incorporate the statement of undisputed facts set forth in the District's separate motion for summary judgment. Plaintiff also incorporates her response to that statement as well as her separate statement of facts, as set forth in her response brief.

As set forth in the Order [Doc. No. 56]addressing the District's Motion, the Court reviewed the extensive record submitted by the parties and determined the undisputed material facts in evidence. To the extent those facts also govern the instant motion, they are incorporated herein by reference. Any additional undisputed evidence applicable only to the claims asserted against Bailey and Shanahan is discussed in the pertinent portions of this Order.

III. Application - Plaintiff's federal claims:

A. Racial discrimination :

Plaintiff alleges that Bailey and Shanahan discriminated against her on the basis of her race in violation of 41 U. S. C. § 1981 by subjecting her to racially discriminatory treatment during her

employment and in the decision to terminate her employment. She also alleges they subjected her to a hostile work environment based on her race, and they retaliated against her for exercising rights protected by § 1981.

In its Order addressing the District's summary judgment motion, the Court granted judgment to the District with respect to Plaintiff's claims of discriminatory treatment during her employment and a hostile work environment, finding the undisputed material facts applicable to her claims established that the District is entitled to judgment on those claims. With respect to her claims of discriminatory termination and retaliation, the Court concluded that, although the District presented justifiable non-discriminatory reasons for her termination, Plaintiff's limited evidence was sufficient to create a material fact dispute regarding whether those reasons were a mere pretext for discrimination.

Because Plaintiff's claims against Bailey and Shanahan are based only on § 1981,[2] they must be analyzed according to the elements applicable to that statute. As expressly provided in the statute, § 1981 prohibits racial discrimination in the "making and enforcement of contracts," the termination of such contracts, and the "benefits, privileges, terms and conditions of the contractual relationship." 42 U. S. C. § 1981(b); *Exum v. U. S. Olympic Committee*, 389 F. 3d 1130, 1134 (10th Cir. 2004). Thus, § 1981 provides a remedy against employment discrimination on the basis of race. *Ramirez v. Department of Corrections,* 222 F. 3d 1238, 1244 (10th Cir. 2000) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975)). Unlike Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e ("Title VII"), § 1981 claims require a showing of intentional racial

---

[2] Plaintiff's claims against the District are based on Title VII of the Civil Rights Act of 1964 ("Title VII") as well as §1981; she also alleged the District discriminated against her on the basis of her gender. These claims are not asserted against Bailey and Shanahan.

4

discrimination. *Vesom v. Atchison Hospital Ass'n*, 297 F.App'x 624 n. 10 (10th Cir. 2008) (unpublished opinion) (citing *Hampton v. Dillard Dept. Stores, Inc.*, 247 F. 3d 1091, 1102 (10th Cir. 2001)).

Plaintiff's § 1981 claim is governed by the burden shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973). *Baca v. Sklar,* 398 F. 3d 1210, 1218 n. 3 (10th Cir. 2005); *Kendrick v. Penske Transportation Servs., Inc.*, 220 F. 3d 1220, 1225 (10th Cir. 2000). According to this analysis, Plaintiff must initially establish a *prima facie* case of discrimination/retaliation based on her status; if she does so, the burden shifts to Bailey and Shanahan to present a justifiable, non-discriminatory reason for their conduct. *Id.* If they do so, the burden of proof shifts back to Plaintiff, who must show that the proffered justification is a mere pretext for intentional race discrimination. *McDonnell Douglas*, 411 U.S. at 804.

To establish a *prima facie* case based on § 1981, Plaintiff must show 1) that she is a member of a protected class; 2) that Defendants had the intent to discriminate on the basis of her race; and 3) that the discrimination interfered with a protected activity as defined in § 1981. *Hampton*, 247 F. 3d at 1102.

Although Title VII claims can be asserted only against a plaintiff's employer, a supervisor or co-employee can be sued individually under § 1981 if he or she was personally involved in the discriminatory conduct. *Flores v. City and County of Denver*, 30 F. App'x 816, 819 (10th Cir. 2002) (unpublished opinion)(citing *Allen v. Denver Public School Board*, 928 F.2d 978, 983 (10th Cir. 1991), *overruled on other grounds, Kendrick v. Penske Transportation Servs., Inc.,* 220 F. 3d 1220, 1228 (10th Cir. 2000)). Accordingly, the fact that Bailey and Shanahan were not Plaintiff's employer does not alter the analysis of their potential liability under § 1981.

5

1. Discriminatory/disparate treatment claim:

As set forth in the Order on the District's summary judgment motion, Plaintiff alleges that, during the period of January 2007 up to her October 2007 termination, she was subjected to racial discrimination in connection with the performance of her employment contract. These claims of disparate treatment are discussed in detail in the separate Order. The Court concluded that the District is entitled to judgment on the claims of disparate or discriminatory treatment in connection with each of the occurrences cited by Plaintiff, whether those occurrences are viewed individually or collectively. The only difference in these claims as asserted against Shanahan and Bailey is Plaintiff's contention that they are individually liable to her because they were personally involved in the claimed discriminatory conduct. The Court has held that, with respect to some of these specific claims, Plaintiff submitted insufficient evidence to satisfy her *prima facie* burden; the Court further concluded that, even if she satisfied that burden, Plaintiff presented insufficient evidence to create a material fact dispute as to whether the justifiable non-discriminatory reasons proffered by the District constituted a pretext for racial discrimination.

That same conclusion applies to Plaintiff's claims seeking to hold Bailey and Shanahan liable for the conduct. Accordingly, for the reasons set forth in the Order granting the District's motion for summary judgment as to these claims, Bailey and Shanahan are also entitled to judgment.

2. Hostile work environment claim:

Plaintiff also seeks to hold Bailey and Shanahan liable on her § 1981 claim that she was subjected to a hostile work environment based on her race. The factual allegations and the applicable law regarding that claim were discussed in detail in the Court's Order ruling on the District's summary judgment motion. The Court concluded that the undisputed facts establish

Plaintiff cannot, as a matter of law, present evidence sufficient to satisfy her burden of proof as to a hostile work environment claim. To the extent Plaintiff also asserts this claim against Bailey and Shanahan, the same conclusion applies. Bailey and Shanahan are entitled to judgment on this claim.

3. Discriminatory and/or retaliatory termination :

As set forth in the Order on the District's summary judgment motion, the evidence establishes that the decision to terminate Plaintiff required approval by members of the Oklahoma City Board of Education ("Board"). It is not disputed that Shanahan recommended Plaintiff's termination on or about August 22, 2007 and that, in its October 22, 2007 meeting, the Board conducted a hearing on that recommendation and voted to terminate Plaintiff. Plaintiff contends that Bailey, her direct supervisor, is liable for her termination because, although the recommendation was made by Shanahan, Bailey had asked Shanahan to make that recommendation.

The Court has held that, with respect to her termination, Plaintiff has satisfied her *prima facie* burden. *See* Order at pp.26, 28. Although the District presented a justifiable, non-discriminatory reason for her termination, the Court concluded that Plaintiff submitted evidence, albeit very limited, sufficient to create a material factual dispute on the issue of pretext. The Court reached the same conclusion with respect to Plaintiff's allegation that she was terminated in retaliation for her exercise of rights protected by Title VII and/or § 1981. Thus, the present question is whether the same conclusion applies to Bailey and Shanahan.

The evidence in the record reflects that, although Bailey and Shanahan did not have final authority to terminate Plaintiff's employment, they were both involved in the circumstances resulting in Shanahan's recommendation that Plaintiff be terminated. Accordingly, the same fact issues applicable to the District on this claim also preclude summary judgment for Bailey and

7

Shanahan. There is also evidence that both knew Plaintiff had filed an EEOC Charge of Discrimination in May of 2007. While neither had the authority to terminate Plaintiff, the record reflects that both sought her termination for unsatisfactory performance and insubordination. As explained in the Order denying this aspect of the District's summary judgment motion, there is minimally sufficient evidence in the record to create a material factual dispute on the issue of whether the proffered non-discriminatory reasons for her termination were a pretext for discrimination or retaliation. That dispute also applies to the claims against Bailey and Shanahan. For the reasons set forth in the separate Order, their motion is denied as to Plaintiff's claim of discriminatory termination and her claim of retaliation for the time period following the May 2007 EEOC charge.

4. Due Process violations:

Plaintiff seeks to hold Bailey and Shanahan liable on her claim that both her procedural and substantive due process rights were violated in connection with her termination and the hearings in which she presented allegations regarding Bailey. As set forth in the Order granting the District's motion for summary judgment on both aspects of the due process claim, the undisputed facts establish that Plaintiff cannot satisfy her burden of proving her due process rights were violated.

In directing these claims against Bailey, Plaintiff's only additional arguments relate to Bailey's failure to respond to a Level I complaint she presented. That contention was addressed in the Court's previous Order. Although Bailey stated he did not receive the complaint in question, that dispute does not impact Plaintiff's claim because it is undisputed that she exercised her right to pursue a Level II complaint on the same subject; there is no evidence that Bailey's failure to

8

address the Level I complaint had any impact whatsoever on the subsequent procedural levels of review for her complaint. With respect to Shanahan, Plaintiff argues that, prior to recommending her termination to the Board, he failed to follow certain procedures regarding written reprimands. However, the evidence in the record reflects that Plaintiff was afforded her right to a review by the Board of the recommendation to terminate her, just as she had exercised her right to the Board's review of her prior Level II complaint. The evidence does not support a due process violation.

For the foregoing reasons and those set forth in the Court's Order granting the District's summary judgment motion on this claim, Bailey and Shanahan are entitled to judgment on Plaintiff's due process claim.

IV. Application -Plaintiff's state law claims:

    1. Intentional infliction of emotional distress

Plaintiff's claim that Bailey and Shanahan are liable for intentional infliction of emotional distress is based on the same allegations applicable to this claim as it was asserted against the District. In the previous Order, the Court granted the District's summary judgment motion on this claim, finding the evidence in the record insufficient as a matter of law to support Plaintiff's claim. The Court adopts that analysis here. The conclusion in favor of the District is also applicable to Bailey and Shanahan. Their motion for judgment is granted as to this claim.

    2. Tortious interference with Plaintiff's employment contract:

Oklahoma recognizes a cause of action for tortious interference with a contract. *Wilspec Technologies, Inc. v. DunAn Holding Group Co., Ltd.,* 204 P. 3d 69, 73 (Okla. 2009). The party asserting a claim of tortious interference bears the burden of proving the following elements: 1) the claimant had a business or contractual right with which there was interference; 2) the interference

9

was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) damage was sustained by the claimant as a proximate result of the interference. *Anderson v. Suiters*, 499 F. 3d 1228, 1237 (10th Cir. 2007) (citing *Morrow Dev. Corp. v. American Bank & Trust Co.*, 875 P.2d 411, 416 (Okla.1994)). The interference must be intentional; "interference is intentional if the interferer acted with the purpose to interfere with the relationship or expectancy." *Boyle Services, Inc. v. DewBerry Design Group, Inc.*, 24 P.3d 878, 880 (Okla. Civ. App.2001). Malice for this purpose requires "the intentional performance of a wrongful act without justification or excuse." *Anderson*, 499 F. 3d at 1238 (citing *Morrow*, 875 P. 2d at 416.)

As a general rule, an employee acting as an agent of the employer cannot be liable for tortious interference with the employer's contract with another. *Martin v. Johnson*, 975 P. 2d 889, 896 (Okla. 1998). However, there is an exception to this rule which applies if "an employee acts in bad faith and contrary to the interests of the employer." *Id.*, at 896-97. Where the alleged contract interference is based on the claim that the interfering employee engaged in unlawful race discrimination, he may be liable for tortious interference because such conduct would constitute bad faith. *Eaten v. Macmillan*, 196 P.3d 995, 998 (Okla. Civ. App. 2008).

In this case, it is not disputed that Plaintiff had a contract of employment with the District. She has alleged that the District breached that contract by terminating her without just cause, contending that her termination was motivated by unlawful discrimination. In her tortious interference claim against Bailey and Shanahan, she alleges that they caused the breach of her contract by engaging in intentional race discrimination in violation of the law.

Having reviewed the record, the Court concludes that Plaintiff's evidence of intentional race discrimination, although limited, constitutes more than a "mere scintilla," *see Celotex, supra,* and

is thus sufficient to withstand the motion for summary judgment on this claim. The motion is denied as to Plaintiff's tortious interference claim.

V. Conclusion:

As set forth above and in the Court's separate Order on the District's summary judgment motion, the Court concludes that the joint motion of Bailey and Shanahan [Doc. No. 35] is GRANTED in part and DENIED in part. The motion is granted as to all claims asserted against Bailey and Shanahan except: 1) Plaintiff's § 1981 claims of discriminatory retaliation after May 7, 2007 and discriminatory employment termination; and 2) Plaintiff's claim of tortious interference with her employment contract. The case will proceed accordingly.

IT IS SO ORDERED this 12th day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE